IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | ND Iowa Case No. 09-mj-183 |
| | (ED NC Case No. 5:09-cr-00210-F-2) |
| vs. | ORDER FOR PRETRIAL DETENTION |
| JOHN LEE EDGE, | |
| Defendant. | |

On the 10th day of August, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On July 18, 2009, Defendant Jon Lee Edge was charged by Indictment (docket number 1-2) in the United States District Court for the Eastern District of North Carolina with possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On the same date, a Warrant (docket number 1-3) was issued for Defendant's arrest. The issue before the Court is whether Defendant should be transported to North Carolina in the custody of the United States Marshals Service, or whether he should be released and ordered to appear in North Carolina on the pending charges.

Special Agent Everett Wayland of the Bureau of Alcohol, Tobacco, and Firearms testified regarding the circumstances underlying the instant charge. At the request of North Carolina authorities, Special Agent Wayland met with Defendant on June 19, 2009 at the Fort Dodge Correctional Center, where Defendant was serving an Iowa prison term for domestic abuse assault. After being *Mirandized*, Defendant described the events in

1

Rocky Mount, North Carolina, on June 4, 2008, which give rise to this charge. According to Defendant, he went to a crack house in Rocky Mount, intending to confront Kevin Battle regarding a wallet and a cell phone which Battle had allegedly stolen from Defendant's girlfriend. Defendant admitted having a .22 caliber H&R revolver in his possession. Defendant paid $30 for the weapon, but believed that it had been stolen. Accompanying Defendant was his cousin, Derrick Edge, who was in possession of a "short barrel" rifle.

While the accounts of what transpired after Defendant arrived at the house vary somewhat, Defendant apparently became involved in an altercation with Battle. Co-Defendant Corey Duggins then intervened on Battle's behalf. According to Defendant, Duggins was armed with a .380 handgun. Defendant took off running and Duggins allegedly shot a couple of times in Defendant's direction. Law enforcement authorities received a 911 call regarding shots fired. Following a traffic stop, Duggins was found in possession of a weapon and controlled substances.

Defendant is 28 years old and was married last week, while in custody. Defendant and his bride have a child who is nearly one year old. Defendant was born in Rocky Mount, North Carolina, and lived there for most of his life. Defendant's parents are dead, but he has a brother and sister who both live in North Carolina.

Defendant attended school until the ninth grade and has not earned a GED. Defendant suffers from sickle cell anemia, asthma, and high blood pressure. Defendant also takes medication for depression/anxiety. Defendant admits that he has smoked marijuana on a regular basis over the years "when he could get it," but denies any other illicit drug use.

Defendant has an extensive criminal record dating back more than ten years. By the Court's count, Defendant has been convicted five times for unauthorized use of a motor vehicle or operating a vehicle without the owner's consent. There is currently an active warrant for Defendant's arrest in Nash County, North Carolina, arising out of the alleged unauthorized use of a motor vehicle. Defendant has also been convicted at least five times

2

for resisting an officer or "assault on a government official." In separate incidents, Defendant has been convicted of possession of cocaine and possession of marijuana. In 2004, Defendant was sentenced to serve 13 to 16 months for possession of a firearm by a convicted felon, the same charge which he now faces in federal court.

Since moving to Iowa in 2006, Defendant has been convicted of operating a motor vehicle without the owner's consent (sentenced to two years in prison), possession of a controlled substance--second offense (six months in jail), harassment in the third degree (seven days in jail), harassment in the third degree (thirty days in jail), and domestic abuse assault (two years in prison). In the latter charge, Defendant apparently choked the victim until she became unconscious.

In addition to the pending warrant in Nash County, North Carolina, for unauthorized use of a motor vehicle, Defendant also has warrants pending in North Carolina for assault on a female, first degree trespass, resisting a public officer, and larceny.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings,

and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The weight of the evidence against Defendant appears to be strong. After being *Mirandized*, Defendant admitted in a recorded interview with law enforcement officers that he purchased a stolen .22 caliber H&R revolver and had it in his possession on June 4, 2008. Defendant has a lengthy criminal record, including numerous instances where his probation was revoked for failure to comply with conditions of release. Defendant failed to appear on a couple of driving offenses and currently has at least three warrants outstanding for his arrest in Nash County, North Carolina. Defendant has a history of violent offenses and was discharged from prison last week after serving more than nine months for domestic abuse assault. The Court has no confidence that Defendant would comply with any terms or conditions of his release. Given all of the facts and circumstances, the Defendant's release pending trial would pose a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA